IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Weldon Eugene Holtzclaw, Jr., | ) | C/A No. 6:25-cv-10539-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Fourth Circuit Court of Appeals, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on Plaintiff's complaint alleging violations of his constitutional rights.  ECF No. 1.  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings and a Report and Recommendation ("Report").  On August 18, 2025, the Magistrate Judge issued a Report recommending that this action be dismissed with prejudice, without issuance and service of process, and without leave to amend.  ECF No. 9.  The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so.  Plaintiff filed an appeal of the Magistrate Judge's order, objections, and a letter.  ECF Nos. 11, 12, 14.

## APPLICABLE LAW

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *See Mathews v. Weber*, 423 U.S. 261 (1976).  The

Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## ANALYSIS

As an initial matter, the Magistrate Judge has provided a thorough recitation of the relevant facts and applicable law, which the Court incorporates by reference.[1]  The Magistrate Judge recommends dismissal of any potential claim brought pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388 (1971), as such is subject to dismissal because it would present a new *Bivens* context where special factors counsel against extending *Bivens* to the claims presented here.  The Magistrate Judge further recommends dismissal because Defendant is not a person for

---

[1] The Court notes that Plaintiff has objected to certain portions of the Magistrate Judge's factual recitation.  Mainly he objects to the characterization of his statements as "allegations" when he contends that they are facts.  Regardless of how Plaintiff's statements are characterized, the Court finds that the Magistrate Judge has presented a sufficient factual recitation in this case.

purposes of *Bivens* and because the complaint is frivolous.  As Plaintiff has filed objections, the Court's review has been de novo.

With respect to Plaintiff's filings, the Court first turns to his appeal and letter.  ECF In ECF No. 11, Plaintiff appeals the Magistrate Judge's no serve order.  He states that he should not have to pay a filing fee in order to pursue his rights.  The Magistrate Judge's order is non-dispositive.  Federal Rule of Civil Procedure 72(a) permits a party to submit objections/appeals to a magistrate judge's ruling on non-dispositive matters.  Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any [non-dispositive] pretrial matter . . . where it has been shown that the magistrate's order is clearly erroneous or contrary to law."). The objections/appeal must be filed and served within 14 days after being served a copy of the non-dispositive order.  *Id*.  Further, the Court's review is governed by the clearly erroneous or contrary to law standard of review. Id. Only if the decision is clearly erroneous or contrary to law may the district judge modify or set aside any portion of the decision.  *Id*.  A court's "finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *United States v. U.S. Gypsum Co.*, 333 U.S. 364 (1948).  The Court has reviewed the Magistrate Judge's order and Plaintiff's appeal.  Upon such review, the Court finds that the Magistrate Judge's order is neither clearly erroneous nor contrary to law.  Accordingly, the appeal is denied.[2]

---

[2] The filing fee applicable to civil cases is codified at 28 U.S.C. § 1914.

In ECF No. 14, Plaintiff filed a letter that the Court interprets as challenging the Fourth Circuit's jurisdiction over this action. It does not appear that Plaintiff is requesting any relief from the undersigned.

The Court now turns to the Report and Plaintiff's objections. As stated above, the Magistrate Judge recommends summary dismissal of this action. In his objections, Plaintiff states that he is not a vexatious filer; that the undersigned, the Magistrate Judge, and others are guilty of high crimes and misdemeanors; that an unnamed Fourth Circuit judge mocked him; and that Judge McDonald applied the wrong law to his case. ECF No. 12. As explained in more detail by the Magistrate Judge, this case presents a new *Bivens* context and special factors counsel against extending the *Bivens* remedy. Moreover, Defendant is not a person pursuant to 42 U.S.C. § 1983, and Plaintiff's complaint is indeed frivolous. To the extent Plaintiff attempts to raise a conditions of confinement claim in his objections, there is no allegation that Defendant is responsible for Plaintiff's detention or the conditions therein. To the extent Plaintiff is alleging a claim that he has been denied access to access to courts, a claim for denial of access to courts must be pled with specificity, and a plaintiff must show actual injury. *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996); *Lewis v. Casey*, 518 U.S. 343, 349 (1996). The actual injury requirement can be satisfied by demonstrating that a non-frivolous legal claim was frustrated or impeded by some actual deprivation of access to the court. *Lewis*, 518 U.S.

at 352–53.  Plaintiff has made no such showing here.  Accordingly, this action is subject to summary dismissal.[3]

## CONCLUSION

Accordingly, the Court agrees with the recommendation of the Magistrate Judge.  Plaintiff's appeal [11] is **DENIED**.  This action is **DISMISSED** with prejudice, without issuance and service of process, and without leave to amend.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

October 7, 2025
Spartanburg, South Carolina


## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[3] To the extent any of Plaintiff's filings should be liberally construed as requesting recusal of the undersigned, that request is denied.  Recusal of federal judges is generally governed by 28 U.S.C. § 455.  Subsection (a) of § 455 provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." In the Fourth Circuit, this standard is analyzed objectively by considering whether a person with knowledge of the relevant facts and circumstances might reasonably question the judge's impartiality. *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003).  It appears that any request for recusal is solely based upon prior rulings in Plaintiff's various cases.  However, judicial rulings alone, "almost never constitute a valid basis for a bias or partiality motion." *See Liteky v. U.S.*, 510 U.S. 540, 555 (U.S. 1994). "In and of themselves (*i.e.*, apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism." *Id.*  Any such request, therefore, is insufficient as a matter of law to establish any basis for recusal and is denied.